# In the United States Court of Federal Claims

No. 19-560C
(Filed: May 9, 2019)
**NOT FOR PUBLICATION**

<table>
<tr>
<td>
Fareed Sepehry-Fard<br><br>
       *Pro Se* Plaintiff,<br><br>
v.<br><br>
THE UNITED STATES,<br><br>
       Defendant.
</td>
<td>
)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)
</td>
<td>
*Pro se*; *Sua Sponte* Dismissal; Lack of Subject Matter Jurisdiction; First Amendment; Fourth Amendment; Fifth Amendment; Federal Criminal Code; State Law.
</td>
</tr>
</table>

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Plaintiff Fareed Sepehry-Fard, proceeding *pro se*, filed the instant complaint against the United States ("the government") alleging that the Department of Justice ("DOJ") defaulted on its obligation to arrest multiple individuals for committing felonies against the plaintiff. Compl. at pp. 1, 5, 7. The plaintiff asks the court to enforce the plaintiff's "Notice of Default"[1] and requests an oral hearing under the Federal Rules of Evidence 201(e).[2] Compl. at pp. 1-2, 5. The plaintiff claims that this court has jurisdiction

---

[1] Plaintiff attached as Exhibit 1 a "Notice of Default" which appears to be a letter sent by the plaintiff to the President, Department of Justice, Pentagon, and the United States Secret Service demanding the arrest of multiple individuals. Compl. at 12-13.

[2] Rule 201(e) of the Federal Rules of Evidence states "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

over the plaintiff's claims under 42 U.S.C. § 1990,[3] 18 U.S.C. §§ 2, 3, 4, 246, 651, 1346, 1512,[4] 33 U.S.C. § 1365,[5] tort law, two Executive Orders,[6] the First, Fourth, and Fifth Amendments of the United States Constitution, and the Constitution of the State of California.

The plaintiff's complaint must be dismissed because this court does not have subject matter jurisdiction over any of the plaintiff's constitutional, tort based, statutory, or state law claims. Accordingly, under Rule 12(h)(3)[7] of the Rules of the United States Court of Federal Claims ("RCFC") the plaintiff's complaint is **DISMISSED**.

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In order for a claim to fall within fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part). The court must "'satisfy itself that it has jurisdiction to hear and decide a case before proceeding to

---

[3] 42 U.S.C. § 1990 permits courts to fine marshals that do not enforce a magistrate judge's warrant issued under 42 U.S.C. § 1989.

[4] 18 U.S.C. §§ 1 *et seq*. contains the Federal Criminal Code.

[5] 33 U.S.C. § 1365 is the citizen suit provision in the Clean Water Act.

[6] The plaintiff refers to the President's Executive Order dated December 21, 2017 and Executive Order 13849.

[7] Rule 12(h)(3) provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting

*PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1242 (Fed. Cir. 2002)).

      The plaintiff has the burden of proving jurisdiction by a preponderance of the

evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988.

Although the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than

formal pleadings drafted by lawyers,'" *Johnson v. United States*, 411 F. App'x 303, 305

(Fed. Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this does not

relieve a *pro se* plaintiff from his burden to meet jurisdictional requirements. *Minehan v.

United States*, 75 Fed. Cl. 249, 253 (2007) (quoting *Kelley v. United States*, 812 F.2d

1378, 1380 (Fed. Cir. 1987)).

      The plaintiff has failed to establish subject matter jurisdiction for the following

reasons. First, under the terms of the Tucker Act, as quoted above, this court does not

have jurisdiction over tort claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d

1338, 1343 (Fed. Cir. 2008) ("[t]he plain language of the Tucker Act excludes from the

Court of Federal Claims Jurisdiction claims sounding in tort") (citing 28 U.S.C.

§ 1491(a)(1)). Second, the plaintiff's allegations of violations under the Federal Criminal

Code are unreviewable in this court. *Joshua v. United States*, 17 F.3d 378, 379-380 (Fed.

Cir. 1994) (affirming that the Court of Federal Claims has no jurisdiction whatsoever to

adjudicate claims under the Federal Criminal Code).

      Third, this court does not have jurisdiction over the plaintiff's claims based on the

First, Fourth, and Fifth Amendments to the United States Constitution because those

Amendments are not money-mandating. *See United States v. Connolly*, 716 F.2d 882,

887 (Fed. Cir. 1983) ("the [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court o Federal Claims does not have jurisdiction over such a violation"); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[Appellant's] complaint included counts alleging violations of his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . None of these is a sufficient basis for jurisdiction because they do not mandate payment of money by the government").

Fourth, the plaintiff's remaining grounds for jurisdiction based on Federal statutes do not establish jurisdiction. 42 U.S.C. § 1990 does not mandate money payment to the plaintiff from the United States; rather, Section 1990 allows the court to fine a marshal when the marshal does not obey a magistrate judge's warrant. *See Russo v. Dunn*, No. 2:17-1005, 2017 WL 8159313, at * 8 (N.D. Al. Nov. 20, 2017). Additionally, the Clean Water Act's citizen suit provision grants jurisdiction in district courts and not this court. *See* 33 U.S.C. § 1365(a) ("The district courts will have jurisdiction . . . to apply any appropriate civil penalties . . .").

Fifth, none of the executive orders that the plaintiff cites are money-mandating sources of law that give the court jurisdiction. The Executive Order issued by the President on December 20, 2017 states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." *See also*, Executive Order 13849, 83 Fed. Reg. 481195,

4

48200 (Sep. 21, 2018) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.").

Finally, the court does not have jurisdiction based on the California State constitution. *See Cabral v. United States*, 317 Fed. App'x 979, 982 (Fed. Cir. 2008) ("the Court of Federal Claims does not have jurisdiction over claims founded on state law") (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)).

## CONCLUSION

Because this court does not have subject matter jurisdiction over any of the claims in the plaintiff's complaint, the court **DISMISSES** the plaintiff's complaint pursuant to RCFC 12(h)(3).[8] The clerk is directed to dismiss the plaintiff's complaint.[9]

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge

---

[8] The plaintiff also filed a motion for a three month stay on May 6, 2019. The plaintiff's motion is **DENIED AS MOOT**.
[9] The plaintiff filed a motion to proceed *in forma pauperis* on April 8, 2019 (Doc. No. 2). The plaintiff's motion is **GRANTED** solely for the purposes of this order.